[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal issue in the trial of this dissolution of marriage suit is the defendant's claim that his overtime pay should not be considered for child support purposes. No legal authority is cited for this novel claim. On the contrary, Connecticut Child Support Guidelines (c)(1)(A) state, on the first line "salary and wages, including overtime" (emphasis added).
The defendant's financial affidavit is devoid of overtime, stating a gross $587.60 and net weekly wage of $255.61, completely artifical [artificial] and misleading figures.
Exhibit A, the 1993 payroll history report run through June 6, 1993 lists the following weekly sums for net pay:
 6/3 $ 600.44 5/27 485.42 5/20 459.89 5/13 327.41 4/29 345.36 4/22 345.36 4/15 383.90 4/8 391.91 4/1 562.04 3/25 1,311.57 3/18 728.32 3/11 739.31 3/4 631.35 2/25 1,200.71 2/18 735.29 2/11 354.99 2/14 354.99 CT Page 6781 1/28 354.99 1/21 1,163.18 1/14 885.04 1/7 753.24 -------- Total Net Pay $13,460.07
Add back Credit Union:
 1/7 $ 75.00 1/14 75.00 1/21 75.00 1/28 75.00 2/4 75.00 2/11 75.00 2/18 75.00 2/25 75.00 3/4 75.00 3/11 75.00 3/18 75.00 3/25 75.00 4/1 75.00 4/8 75.00 4/15 75.00 4/22 75.00 4/29 75.00 5/6 75.00 5/13 75.00 5/20 75.00 5/27 75.00 6/3 75.00 -------- Total $1,650.00 ---------- Net Disposable Income $15,110.07 ==========
The resulting total, when divided by 22 weeks = $686.82 weekly to be used to calculate child support.
The plaintiff's net disposable income weekly is $141.15. The parties combined net weekly income is $827.97. The guideline provides for $212 weekly for the support of one child under 12. The defendant's share is 82.9% or $175 for his weekly child support order. CT Page 6782
The marriage was entered into by both parties due to the plaintiff's pregnancy. The plaintiff admitted there existed no love in the marriage. The plaintiff has been an executive secretary and at the time of this marriage was a head clerk employed by the State of Connecticut.
The defendant has been employed for nine years by the City of Waterbury and presently is a foreman in its Street Department.
Having reviewed the evidence in light of the statutory criteria, the court enters the following judgment.
1. The allegations of the complaint are found to be proven and therefore true. A decree is entered dissolving the parties' marriage on the ground alleged of irretrievable breakdown.
2. Custody of the minor daughter, Meghan Nanci, born September 6, 1985, is awarded to the plaintiff mother. Reasonable visitation rights are awarded to the defendant.
3. The defendant is ordered to pay weekly child support to the plaintiff in the amount of $175. A wage withholding is ordered.
4. The defendant shall continue to carry the child on all available medical insurance coverages provided by his employer. This order is subject to 46b-84(c) Connecticut General Statutes. Any remaining bill balances not covered by such insurance shall be divided equally by the parties.
5. The defendant shall forthwith return the 1980 Kawasaki 750cc motorcycle along with all documentation in his possession to the plaintiff.
6. The defendant is ordered to pay the following bills that the plaintiff lists on her financial affidavit:
Dr. Peck — $389
Dr. Hoden — $1,000
The parties' remaining bills shall be paid by the party listing same on each party's affidavit. CT Page 6783
7. The defendant shall pay the sum of $2,500 to the plaintiff as lump sum alimony, in two equal installments, payable on the 15th day of August and the 15th day of September.
8. The parties shall equally divide the income tax refund due from I.R.S. in the sum of $2,298 for the 1992 tax return.
9. The defendant shall retain his pension as his sole property.
10. No periodic alimony is awarded.
11. The plaintiff's maiden name may be restored if she wishes.
The counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.